IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAKE JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>HERNANDEZ, et al.,<br><br>        Defendants. | No. 2:21-CV-0886-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 21.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision. See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff clearly communicated his complaint and motion in a timely manner without the aid of counsel or any errors requiring a complaint amendment.  The limited access to legal information described in the motion is also typical in the prison setting, thus not an exceptional circumstance.  Furthermore, at this stage of the case, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits.  Finally, Plaintiff alleges a reasonably straightforward Eighth Amendment excessive force constitutional violation claim.  The factual and legal issues involved in this case are thus not unusually complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 21, is denied.

Dated:  June 2, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE